**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Reginald D. Humphrey,** | ) | **CASE NO. 1:05 CV 796** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **City of Cleveland**, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**Introduction**

This matter is before the Court upon defendant's Motion for Summary Judgment (Doc. 29). This case alleges failure to make a reasonable accommodation in employment under the Americans with Disabilities Act (ADA). For the following reasons, the motion is GRANTED.

**Facts**

Plaintiff, Reginald D. Humphrey, filed his Amended Complaint against defendant, City of Cleveland (hereafter, the City or defendant). Plaintiff began his employment with the

1

City of Cleveland in November 1986 as a laborer. In December 1986, he became a truck driver and was a member of the Teamsters Union. In 1993, plaintiff injured his lower back while operating a street sweeper. He missed about two months of work and then returned. Plaintiff injured his back again in late June 2001 while on duty as a truck driver. Plaintiff returned to work on August 6, 2001 with a note from his doctor stating that he should be restricted to light duty, i.e., no bending, lifting of over 20 pounds, twisting, or stooping. (pltf. depo. 6, 8-10, 19-29, 37-42)

On August 6, 2001, defendant sent plaintiff home due to insufficient return-to-work medical documentation and because there was no light duty work available. (Doc. 29 Ex. B) Plaintiff did not thereafter return to work for the City. (pltf. depo. 48) As of February 4, 2002, plaintiff was determined to be AWOL resigned, effective August 6, 2001. (Doc. 29 Ex. B)

Plaintiff thereafter filed a grievance with the Union against the City. An arbitration hearing was held on March 28, 2003. On December 18, 2003, the arbitrator issued her Opinion and Award. The arbitrator found that the City's designation of plaintiff as AWOL-resigned as of August 6, 2001 was not a termination for just cause due to the City's summary rejection of plaintiff's work restrictions. The arbitrator ordered the plaintiff reinstated

> when and if he produces a detailed letter from his personal physician that supplies sufficient information for [plaintiff] to either 1) return to his former position without restrictions; 2) apply for an ADA accommodation; or 3) apply for a medical leave of absence.

(Doc. 29 Ex. B) The arbitrator also ordered back pay for the limited period of August 7, 2001 through August 21, 2001 (rather than for the entire period since August 6, 2001) due to plaintiff's failure to mitigate his damages by actively seeking employment on a sustained

2

basis and because

> the City did not comply with Civil Service Commission Rule 8.45(A) which provides in pertinent part that an AWOL resignation is 'effective the working day following the tenth consecutive workday on which the employee is absent without leave.' Though as discussed above, [plaintiff] improperly refused to accept the City's November 16 and January 14 letters[1] and failed to mitigate his damages, the City made a clear error in its February 4, 2002 termination letter when it deemed [plaintiff's] last day of work to be August 6, 2001. [Plaintiff] reported to work Monday, August 6, and was sent home with pay. Thus, his first possible 'AWOL' day was Tuesday, August 7, 2001. Rule 8.45(A) makes an AWOL resignation effective the 11th day of an employee being AWOL- here, Tuesday, August 21, 2001.

(*Id.*)

Plaintiff thereafter submitted a request to the City for an ADA accommodation. On September 29, 2004, the City reviewed the request and denied it "because the employee's medical documentation failed to establish that he is disabled within the meaning of the [ADA]." (Doc. 29 Ex. D)

The Amended Complaint sets forth one claim. Plaintiff alleges that defendant failed to make reasonable accommodations in violation of the ADA.

This matter is now before the Court upon defendant's Motion for Summary Judgment.

**Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine

---

[1] The arbitrator found that plaintiff had "dodged" certified AWOL-resigned letters sent by the City and knocks at his front door. The arbitrator, however, found the letters to be based on a "faulty foundation" because of the City's summary rejection on August 6, 2001 of plaintiff's restricted work status.

3

issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)). A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. Federal Rule of Civil Procedure 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of [his] pleadings, but [his response], by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is genuine issue for trial. If he does not respond, summary judgment, if appropriate, shall be entered against him.

The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted); *see also United States v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562 (6th Cir. 1985). However, the nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox*, 53 F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "the mere existence

of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)).  Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

### **Discussion**

Defendant argues that plaintiff is not disabled within the meaning of the ADA.  For the following reasons, this Court agrees.

The ADA prohibits discrimination in employment against a qualified individual with a disability because of the disability. 42 U.S.C. § 12112(a).  To establish a violation under the ADA, a plaintiff must prove: "(1) he has a disability; (2) that he is otherwise qualified for the job; and (3) that defendants either refused to make a reasonable accommodation for his disability or made an adverse employment decision regarding him solely because of his disability." *Smith v. Ameritech*, 129 F.3d 857, 866 (6th Cir.1997)

With regard to the first element, the ADA defines disability as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual," "a record of such an impairment," or "being regarded as having such an impairment." 42 U.S.C. § 12102(2).

Defendant argues that plaintiff is not disabled.  The Sixth Circuit has recapped the meaning of disability:

> Proof of a disability is a threshold requirement to prove a violation of the ADA. *Burns v. Coca-Cola Enterprises, Inc*., 222 F.3d 247, 253 (6th Cir.2000). A disability, with respect to an individual, is defined within the ADA as a physical or mental impairment that substantially limits one or more of the major life activities of such individual. 42

5

> U.S.C. § 12102(2)(A).  Merely having an impairment does not make one disabled for purposes of the ADA. *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 195 (2002) 'Substantially limits' has been suggested to mean 'considerable' or to 'a large degree.' *Id.* at 196. 'Major life activities' refers to those activities that are of central importance to daily life. *Id.* at 197.  Although there is no exhaustive list of activities, the Supreme Court has cited to the Rehabilitation Act regulations, which defines major life activities to include functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. 45 C.F.R. § 84.3(j)(2)(ii); *Williams,* 534 U.S. at 195.  These terms must be interpreted strictly to create a demanding standard for qualifying as disabled. *Id*. The Act requires the existence of a disability to be determined on a case-by-case manner. *Id*. at 198; 42 U.S.C. § 12101(2).

*Gerton v. Verizon South Inc*., 145 Fed.Appx. 159, 164-165 (6th Cir. 2005).

Plaintiff argues that he has a physical impairment that limits his life activity of working as evidenced by the following.  He suffered a back injury in 2001 while working. His doctor ordered him off of work.  His doctor then released plaintiff to return to work with light duty restrictions of no bending, lifting over 20 pounds, twisting, or stooping.  (pltf. depo. 39-42).  On December 31, 2003, plaintiff presented a Disability Certificate to defendant signed by a doctor which indicates that as of December 29, 2003, plaintiff is able to perform light work duty with no lifting over 20 pounds, no stooping or twisting, and no prolonged sitting.  (Doc. 33 Ex. A).

The Sixth Circuit has addressed the meaning of being substantially limited in the major life activity of working:

> The ADA regulations state,
>
>> With respect to the major life activity of *working*, the term substantially limits means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.  29 C.F.R. § 1630.2(j)(3)(I).

6

> This Court has repeatedly held that the major life activity of working is not substantially limited simply because an employee's physical or psychological impairment prevents him from performing a particular job. *McKay v. Toyota Motor Mfg. U.S.A.*, Inc., 110 F.3d 369, 373 (6th Cir.1997) (holding that plaintiff's carpal tunnel syndrome, which only prevented her from performing a narrow range of assembly-line jobs, was not an impairment that substantially limited her general ability to work); *Mahon v. Crowell*, 295 F.3d 585, 591- 92 (6th Cir.2002) (holding that plaintiff's back problems did not substantially limit his ability to work in a broad class of jobs); *Black v. Roadway Express, Inc.*, 297 F.3d 445, 454-55 (6th Cir.2002) (finding that plaintiff's knee injury did not prevent him from performing a broad class of truck driving jobs); and *Jasany v. United States Postal Service*, 755 F.2d 1244, 1250 (6th Cir.1985) (holding that plaintiff was not substantially limited in life activity of working where plaintiff's eye impairment, although a permanent one which prevented him from performing functions of a postal distribution clerk, did not interfere with his ability to work other jobs).

*Agnew v. Heat Treating Services of America*, 2005 WL 3440432 (6th Cir. Dec. 14, 2005).

Plaintiff fails to offer any evidence that he could not perform either a class of jobs or a broad range of jobs in various classes. Therefore, he cannot demonstrate he was significantly limited in the life activity of working. *Cartwright v. Lockheed Martin Utility Services, Inc*., 40 Fed.Appx. 147, 154 (6th Cir. 2002).

Moreover, the Sixth Circuit has indicated that the physical impairment of a bad back alone does not qualify a person for ADA disability status. *Agnew v. Heat Treating Services of America,* 2005 WL 3440432 (6th Cir. Dec. 14, 2005). *See also Adams v. Potter,* 2006 WL 2431118 (6th Cir. Aug. 22, 2006) (citations omitted) (Although the court stated that it did not have to "resolve the appropriate contours of the disability definition when applied to those with back injuries," it recognized that the Seventh Circuit has stated, "The number of Americans restricted by back problems is legion. They are not disabled.") Other than arguing that the major life activity of working is significantly limited, plaintiff makes no attempt to show that his back injury substantially limits one or more of his major life activities.

For these reasons, plaintiff has not shown that he has a physical impairment which substantially limits a major life activity.

Plaintiff also argues that defendant regarded him as being disabled.  To establish that he is regarded as having an impairment, plaintiff must show that:

> (1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities. In both cases, it is necessary that a covered entity entertain misperceptions about the individual--it must believe either that one has a substantially limiting impairment that one does not have or that one has a substantially limiting impairment when, in fact, the impairment is not so limiting.

*Olds v. United Parcel Service, Inc.*, 127 Fed.Appx. 779, 782 (6th Cir. 2005) (citing *Ross v. Campbell Soup Co.*, 237 F.3d 701, 706 (6th Cir.2001) ).

Plaintiff asserts that defendant regarded him as disabled merely because he presented defendant with a doctor's slip to return to work but was not allowed to do so by defendant. Plaintiff also points to the deposition testimony of his supervisor who stated that when plaintiff returned to work on August 6, he was given an assignment to work but then was informed by defendant to go home.  (James Sidelka depo. 22-24)

This evidence does nothing to show that defendant entertained a misperception that plaintiff had an impairment.  To the contrary, the evidence shows that the City did not regard plaintiff as having a disability.  He was sent home on August 6 because plaintiff had not returned to work following his June injury and when he returned that day, there was no light duty work available and defendant deemed his return-to-work medical documentation to be insufficient.

For these reasons, plaintiff has not shown that he is disabled within the meaning of the

ADA. He, therefore, does not satisfy the first element of an ADA claim. On this basis, summary judgment is warranted on plaintiff's claim of failure to accommodate.[2]

**Conclusion**

For the foregoing reasons, defendant's Motion for Summary Judgment is granted.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 1/31/07

---

[2] Having found that plaintiff is not disabled, the Court need not reach defendant's alternative arguments that the City was under no duty to create a light duty truck driver classification (where none existed) to accommodate plaintiff, and that plaintiff has failed to exhaust his administrative remedies because he has not complied with the arbitrator's Award and Opinion.